UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

ACTION NO: 24-CR-008-KKC                    ELECTRONICALLY FILED

UNITED STATES                                  PLAINTIFF

VS.

ERIC SHEPHERD                                 DEFENDANT

**SENTENCING MEMORANDUM ON BEHALF OF
ERIC SHEPHERD**

**\*\*\*\*\*\*\*\*\*\***

Comes now Defendant, Eric Shepherd, (hereinafter "Eric") by and through counsel, and hereby submits his Sentencing Memorandum and requests that this Court grant him some relief from his statutory maximum pursuant to *18 U.S.C. §3553(a)(2)*. As grounds Eric states as follows:

**I.   INTRODUCTION**

Per the PSI, the guideline applicable is life. As the statutory penalty for this offense is not less than 25 years nor more than 50 years which becomes the applicable guideline range. For the reasons set forth more fully herein, Eric requests that this Court grant him a downward variance.

Eric was convicted in February of 2023 for an offense involving a minor in Washington County. He was charged in May of 2022 for essentially this offense, in Fayette County for which the investigation began in January of 2022. The case is still pending. But for the conviction in Washington County, Eric's statutory minimum and maximum would have been less. He received 10 years to serve in the Washington County case. Another case existed in Jessamine County, however, it has been dismissed.

His criminal history category is IV, however, it would have been a Category I, but for the conviction that occurred after the Fayette County investigation began. Prior to these cases, and other than for a dui in 2013 and a juvenile matter in 2011 for which the disposition is unknown, Eric had only traffic related convictions. Nothing prior to 2022 is an offense that would even be considered a precursor to this type of crime.

Eric's parents and family and friends whose letters are attached hereto indicate a different Eric that the one who appears before this Court. According to the letters, he worked hard and he helped family and friends. *See Letters attached hereto as Exhibits A-K*. The timeline drafted by his family shows Eric assisted those less fortunate and was devoted to his family. Eric is also very knowledgeable in multiple areas and capable, it appears, of fixing quite a few issues that generally

plague homes.  *See Timeline attached hereto as Exhibit J.*

Eric plead guilty to an extremely serious offense.  His actions are not justifiable.  He is 30 years old, and based on information from his parents and in some part from his evaluation indicate that there are mental health issues to be addressed with significant amounts of therapy and likely further testing.

A need to protect the public is a significant factor.  In depth assessments, ongoing counseling and addressing any other mental health issues on a long term basis is needed.   Incarceration for a long period of time is also necessary due to the severity of the crime, the need to deter others and the great need to rehabilitate Eric.  He is 30 years old, and 50 years would be essentially a life sentence.   He does have significant support from family and friends to aid him upon release.

As but for the statutory maximum, the guidelines would be life, it would be simple to max him at the 50 years.   However, it does appear from the letters and the timeline that the person before this Court today is not the person Eric has always been.  He definitely needs intensive help, however, he also appears to have skills that can assist him when he is released.   At times, significant mental health issues can manifest later in life.  It is unknown if that is the case here, but obviously something is crossed.

Eric did accept responsibility.  He negated the need for any live victim

testimony which likely is beneficial to the victim. His actions cannot be erased nor mitigated, however, with intensive treatment and ongoing care continuing after release, there are characteristics that Eric has demonstrated as set forth in the letters and timeline that are indicative that he could be a productive member of society.

Eric has also done research regarding facilities, and he requests that the Court recommend that he be placed at USP Marion, FCI Marianna, or FCI Petersburg.

**WHEREFORE**, Eric respectfully requests that this Court grant him some relief and not sentence him to the statutory maximum based on the information set forth herein.

Respectfully Submitted:

**BALDANI LAW GROUP**
300 West Short Street
Lexington, KY 40507
(859) 259-0727
rachelyavelak@gmail.com


BY: /S/: RACHEL D. YAVELAK

## **CERTIFICATE**

      I do hereby certify that I filed the foregoing motion with the Clerk of Court on the 15th day of November 2024 using the CM/ECF system which will send an electronic copy to the Hon. Erin Roth.

                                            /s/ Rachel D. Yavelak